UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PEPE,

    Plaintiff,

v.

Case No. 2:25-cv-566-JLB-KCD

SHERIFF CAMINE MARCENO,
BETH RAKESTRAW, TIM
COCHRAN, MIKE PETERSON,
GARY SMITH, LEE COUNTY
MEDICAL EXAMINER'S OFFICE,
LEE COUNTY CREMATORY,

    Defendants,
_____/

## ORDER

Plaintiff Thomas Pepe moves the Court "to take judicial notice" of several records related to his father's death. (Doc. 15.) According to Plaintiff, these records show that his father was cremated prior to any investigation into his death and without authority.

The Federal Rules of Evidence permit district courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b), (d). While the court "may take judicial notice on its own," it "*must* take judicial notice if a party

requests it and the court is supplied with the necessary information." *Id.* at 201(c) (emphasis added).

Plaintiff has not satisfied the requirements of Rule 201. He has not shown that the records and documents establish facts that are either uncontested or "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1). Plaintiff's Motion for Judicial Notice (Doc. 15) is thus **DENIED**.

Plaintiff also moves the Court to "refer this matter to appropriate federal authorities for criminal investigation." (Doc. 16.) This request is also **DENIED**. Plaintiff provides no authority that would allow this Court to initiate a criminal investigation or refer matters for prosecution. Plaintiff should contact the appropriate law enforcement authorities if he believes a crime has been committed.

**ORDERED** in Fort Myers, Florida on July 23, 2025.

Kyle C. Dudek
United States Magistrate Judge